STAR BREWERY CO. v. HORST et al.

(Circuit Court of Appeals, Seventh Circuit. January 6, 1903.)

No. 913.

1. SALES—CONSTRUCTION — AGREEMENT TO PURCHASE ARTICLE TO BE PRODUCED.
A contract by which the first party agreed to sell and deliver hops of a certain quality, of the crop to be grown five years after the contract was made, and the second party agreed to receive and pay for the same, does not constitute a sale, which entitles the first party to recover the contract price for goods sold and delivered, on the refusal of the second party, without justification, to receive and pay for the hops when tendered at the designated time and place of delivery, but is merely an agreement to sell and purchase at a future time; and the remedy of the first party is by an action for damages for breach of the contract.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

The parties entered into the following contract: "Memorandum of agreement made and entered into by and between Horst Brothers, doing business in city of New York and San Francisco, parties of the first part, and Star Brewery Company, party of the second part, witnesses: That the said parties of the first part agree to sell and deliver to the party of the second part, and that the party of the second part agree to purchase, pay, and receive from the parties of the first part, twelve thousand (12,000) pounds choice California hops of the crop of 1895. Three one-half pounds tare to be deducted on each bale. Said hops to be delivered f. o. b. cars at Belleville, Ill., and to be paid for in net cash ten days from date of arrival at the rate of twenty-one (21) cents per pound. Time of shipment October, 1895. In witness whereof, the said parties have hereunto set their hands, Belleville, 9th day of December, 1890." In due time Horst Bros. loaded a car with the specified quantity of hops, but did not prepay the freight. When the car arrived at Belleville, the railroad company placed it on the side track of the brewery company. Within three days that company examined the hops, refused to accept them on the ground that they were not of the required quality, notified Horst Bros., and asked instructions. Both parties continued in their refusal to take the hops. The railroad company afterwards took the car away, and that is the last shown by the record, except that neither party ever came into possession of the hops or any proceeds from their sale. Horst Bros. filed their declaration, containing common counts only, and attached thereto a copy of the contract. The brewery company filed a plea of the general issue, and gave notice of a special defense that the hops were not of contract quality. Horst Bros. had a verdict and judgment for the full contract price.

Lucius D. Turner, for plaintiff in error.

Clinton L. Conkling, for defendants in error.

Before JENKINS, GROSSCUP, and BAKER, Circuit Judges.

BAKER, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The evidence warranted the jury in finding that the hops were of proper quality and that the brewery company's refusal to accept them was prompted by a great decline in the market price. In view of the prior dealings between the parties, shown by the record, we attach no importance to Horst Bros.' failure to prepay the freight. On shipments that had been accepted, the brewery company had been paying freight and charging back the amount to Horst Bros.;

and no objection was made to the present shipment on the ground that the freight had not been prepaid. Treating the freight as prepaid, and the brewery company's refusal to accept as perverse, there remains the question of Horst Bros.' right to recover for goods sold and delivered. The parties had the right to make a contract which would require the brewery company to accept Horst Bros.' selection of choice California hops and to pay within 10 days after the arrival of the car at Belleville. But the contract they entered into in 1890 bound Horst Bros. to an agreement to sell and deliver in 1895 an article which would have no existence until then, and bound the brewery company to an agreement to purchase, receive, and pay for that article. This was not a sale. The minds of the parties had never met on a specific, identified thing as the object of barter. Their minds could not meet until Horst Bros. had made an appropriation of a specific, identified thing as a fulfillment of the contract in that respect, and until the brewery company had accepted or acquiesced in that appropriation. Under this contract, neither Horst Bros. nor any third party was authorized to make a binding selection and appropriation for the brewery company. The brewery company never consented to the appropriation. That it should have done so is of no consequence in this action for the price of goods sold and delivered. If a party purchases, he may be held to pay for the thing. If he agrees to purchase and refuses, the remedy is for breach of the contract to purchase. 2 Benj. Sales, §§ 1051, 1117; 1 Mechem, Sales, §§ 729, 730; 2 Mechem, Sales, §§ 1369, 1370; Pope v. Allis, 115 U. S. 363, 371, 6 Sup. Ct. 69, 29 L. Ed. 393.

The judgment is reversed, with the direction for further proceedings not inconsistent herewith.